**UNITED STATES of America,**

v.

**Maria HSIA, Defendant.**

**No. CR. 98–0057(PLF).**

United States District Court, District of Columbia.

Oct. 19, 1998.

Eric L. Yaffe, Campaign Finance Task Force, Criminal Division, U.S. Dept. Of Justice, Washington, DC, for Government.

Nancy Luque, Reed Smith Shaw & McClay, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the defendant Maria Hsia's Motion for Reconsideration of Certain Pretrial Motions previously denied by this Court, specifically her (1) Motion to Dismiss the Indictment for Violation of Due Process (Pretrial Motion No. 1); (2) Motion to Dismiss Counts in the Indictment for Their Positive Repugnance to the Federal Election Campaign Act (Pretrial Motion No. 2); (3) Motion to Dismiss Count 1 of the Indictment for Failure to State an Offense Under 18 U.S.C. § 371 (Pretrial Motion No. 3: Conspiracy to Defraud); (4) Motion to Dismiss Indictment Because It Offends the First Amendment (Pretrial Motion No. 9); and (5) Motion to Dismiss Indictment Because It Selectively Prosecutes Maria Hsia (Pretrial Motion No. 10). Ms. Hsia also has filed a separate Motion to File Ex Parte/In Camera Submission in Connection with Media Coverage of Case and a Motion to Strike References in Count 1 to Alleged False Statements.

Upon careful consideration of the motions and supporting memoranda of law and other materials submitted by the defendant, the government's oppositions, and the defendant's reply, the Court will deny the Motion for Reconsideration and the Motion to File Ex Parte/In Camera Submission. It also will deny the Motion to Strike without prejudice to Ms. Hsia's right to renew the motion before the case goes to the jury.

## I. MOTION TO RECONSIDER

Ms. Hsia has presented very little in her Motion to Reconsider that is different from what was briefed in the initial round of motions. At the time that it considered those initial motions, the Court had before it voluminous briefs filed by the parties and most of the cases now cited by Ms. Hsia. The Court is not now persuaded that its analysis was flawed in any respect.

The only somewhat new argument presented by Ms. Hsia in her Motion to Reconsider is that the conspiracy count of the indictment must be dismissed because it is permeated with and based upon the same false statements that formed the basis of Counts 2–6 which the Court has dismissed and because it is infected by the same infirmities as those counts. Ms. Hsia argues that the alleged false statements therefore can form no part of the conspiracy charge and that in the absence of these false statements the indictment does not sufficiently allege a Section 371 conspiracy. The Court disagrees.

The government's case at trial may be complicated by the fact that it cannot rely on a theory that Ms. Hsia obstructed the functions of the Federal Elections Commission by causing "false statements" to be made. Nonetheless, the indictment alleges an agreement between Ms. Hsia and the International Buddhist Progress Society to impair, obstruct, impede and defeat the lawful functions and duties of both the Federal Election Commission and the Immigration and Naturalization Service, including specifically the FEC's responsibility of "enforcing

the reporting requirements of the FECA and for directing, investigating and instituting civil enforcement actions with respect to violations of the FECA, including the provisions [prohibiting corporate contributions and contributions in the name of another]" and the INS's responsibility of "administering and enforcing the requirements of the [Immigration and Nationality Act] and all other laws relating to immigration, naturalization, and nationality." Indictment at ¶¶ 6, 8, 10. The indictment alleges a number of overt acts taken in furtherance of these conspiratorial objects. Indictment at ¶ 40. The indictment therefore sufficiently sets forth the elements of a conspiracy charge and thus "sufficiently alleges a Section 371 conspiracy." *See* Opinion of September 10, 1998 at 37–39.

As for Ms. Hsia's argument that the Court misinterpreted or failed properly to apply the decision of the D.C. Circuit in *Galliano v. U.S. Postal Service*, 836 F.2d 1362 (D.C.Cir. 1988), when it declined to extend the reasoning of that case to the different circumstances presented here, the Court disagrees. If this Court's reading of *Galliano* is wrong or if the rationale of the Circuit's opinion should be extended to cover this situation, the court of appeals is the proper audience to which to address those arguments. The application of *Galliano* preemption certainly would be an alternative ground on which Ms. Hsia might rest her argument for affirmance of the Court's decision to dismiss Counts 2–6.

## II.  MOTION TO STRIKE

Ms. Hsia has moved to strike "all references in Count 1 of the indictment to alleged false statements to the Federal Election Commission ("FEC") and to FEC reporting requirements as irrelevant, immaterial and highly prejudicial." Motion to Strike at 1. She maintains that the Court's dismissal of the false statements counts makes any reference to false statements irrelevant and immaterial, as well as prejudicial.

■ The Court may strike statements from an indictment only if they are both prejudicial and irrelevant. Opinion of August 11, 1998 at 13. *See also United States v. Oakar*, 111 F.3d 146, 157 (D.C.Cir.1997). While Ms. Hsia may be correct that the false

statements allegations to which she points are prejudicial, *relevant* language "should not be stricken even if it may be prejudicial." Opinion of August 11, 1998 at 13, *quoting United States v. Weinberger*, Crim. No. 92–235, 1992 WL 294877, at *7 (D.D.C. Sept. 29, 1992). At this juncture, it is impossible for the Court to assess whether the allegations at issue are relevant to the conspiracy count. Unlike the phrase "a/k/a/ Hsia Ling" that the Court previously struck from the indictment as facially irrelevant, the relevance or irrelevance of these allegations will only be revealed by the government's case at trial. If at trial the government fails to present admissible evidence to establish the relevance of the "acts" set forth in paragraphs 40j, 40m, 40s, 40v, 40bb, 40ee or 40pp of the indictment or to establish that the functions of the FEC alleged in paragraphs 5 and 6 are relevant to the charged conspiracy or to establish the relevance of paragraph 13c, those paragraphs may properly be the subject of a motion to strike before the jury receives a copy of the indictment. Upon request, the Court will revisit the issue at that time. *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir.1992). Until then, however, the references will remain in the indictment. Accordingly, it is hereby

ORDERED that defendant's Motion for Leave to File Ex Parte/In Camera Submission in Connection with Media Coverage of Case is DENIED; it is

FURTHER ORDERED that defendant's Motion for Reconsideration is DENIED; and it is

FURTHER ORDERED that defendant's Motion to Strike is DENIED without prejudice.

SO ORDERED.